IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHLOE SHAW,[1] | § | |
| | § | No. 229, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN18-05071 |
| RUSSELL MCDONALD, | § | Petition No. 22-12436 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 17, 2023
Decided: January 22, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the opening brief and the record below, it appears to the Court that:

(1) The appellant ("Wife") filed this appeal from a Family Court order denying her petition for spousal support from the appellee ("Husband"). For the reasons discussed below, we reverse and remand for further proceedings.

(2) The parties married in August 2015 and separated in August 2020, although they continued residing together periodically between August 2020 and the Family Court hearing in May 2023. They have a history of disputes over their

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

respective financial obligations, especially as to various vehicles that they purchased. Wife initiated four actions against Husband in the Court of Common Pleas related to these disputes; the complaints sought relief arising from Husband's alleged failure to contribute to the rent and other debts and expenses incurred during the parties' relationship. Those actions resulted in three judgments against Husband and in favor of Wife: default judgments in the principal amounts of $15,000 and $28,800 and a stipulated judgment in the amount of $25,000.[2] Husband's wages are garnished in the amount of approximately $600 per month for payment to Wife toward satisfaction of those judgments. In the fourth action, the Court of Common Pleas determined in October 2021 that the matter fell within the Family Court's exclusive jurisdiction and ordered the case transferred to the Family Court under 10 *Del. C.* § 1902.[3]

(3)     In April 2022, Wife filed a petition for spousal support in the Family Court. After an evidentiary hearing, the Family Court denied the petition. The court found that Wife's total monthly income was $1,104, including social security benefits of $284, food stamp benefits of $220, and $600 from the garnishment of

---

[2] Documents relating to these judgments were presented to the Family Court in this matter. The Court has also taken judicial notice of the Court of Common Pleas dockets in the four actions filed in that court.

[3] In August 2023, Wife sued Husband in the Superior Court, again alleging that Husband had failed to satisfy various financial obligations to her. After reviewing the parties' pleadings, the Superior Court determined that the matter fell within the Family Court's exclusive jurisdiction and ordered the case transferred to the Family Court under 10 *Del. C.* § 1902.

Husband's wages for payment toward the judgments. The court determined that Wife's monthly expenses totaled $912, including $612 for a car payment and $300 for medications. The court stated that Husband had testified that he earned $65,000 per year or approximately $1,800 monthly. The court determined that Husband's total monthly expenses were $1,850, including $400 for gas, $250 for groceries, $600 in 401(k) loan repayments, and $600 for the garnishment payment to Wife. Neither party had rent expenses, as both were relying on others for housing. Applying 13 *Del. C.* §§ 502, 506, and 514, the court determined that there was just cause to deny Wife's petition for support because Husband could not fully support himself and therefore was unable to provide financial support to Wife.

(4) On appeal, Wife asserts various challenges to the Family Court's decision. Fairly summarized, Wife's arguments are that (i) the $600 per month that she receives from Husband as payment on the judgments should not be counted toward her income because she needs that money to repay family members or friends who helped her financially when Husband did not; (ii) Husband is financially able to provide her with support, and he sleeps in his car as a matter of choice and not because he cannot afford a place to live; (iii) the Family Court erroneously denied her motion requesting that certain witnesses be permitted to testify by telephone; (iv) Husband did not produce his bank statements by the required date; and (v) the matter

should not have been before the Family Court at all, because the Court of Common Pleas should have retained the fourth action that she filed in that court.

(5) On appeal from a Family Court decision regarding spousal support, this Court reviews the Family Court's factual and legal determinations, as well as its inferences and deductions.[4] We review conclusions of law *de novo*.[5] We will not disturb the Family Court's rulings if the court's findings of fact are supported by the record and its explanations, deductions, and inferences are the product of an orderly and logical reasoning process.[6] When the determination of facts turns on a question of the credibility of witnesses appearing before the trier of fact, or the acceptance or rejection of a witness's testimony, we will not substitute our opinion for that of the trier of fact.[7] If the Family Court correctly applied the law, then our standard of review is abuse of discretion.[8]

(6) As an initial matter, we conclude that the parties' dispute was properly before the Family Court. The Delaware Code provides that the Family Court has exclusive original jurisdiction over all actions arising under Title 13, Chapter 5 of

---

[4] *Thorpe v. Gaines-Thorpe*, 2014 WL 2647366, at *1 (Del. June 11, 2014).
[5] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).
[6] *Mercer v. Mercer*, 2020 WL 2050666, at *1 (Del. Apr. 28, 2020); *see also Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019) ("Factual findings will not be disturbed on appeal unless they are clearly erroneous and justice required they be overturned on appeal.").
[7] *Shimel*, 2019 WL 2142066, at *2.
[8] *Mercer*, 2020 WL 2050666, at *1.

4

the Delaware Code, which includes actions seeking spousal support.[9] The Family Court also has exclusive jurisdiction over "the construction, reformation, enforcement and rescission of agreements made between future spouses, spouses and former spouses concerning the payment of support or alimony, the payment of child support or medical support, the division and distribution of marital property and marital debts and any other matters incident to a marriage, separation or divorce."[10] Wife's claims that Husband had a duty to provide her with financial support—or failed to satisfy various financial commitments he made to her as her spouse—fall squarely within the Family Court's exclusive jurisdiction.[11]

(7) The Family Court did not abuse its discretion by denying Wife's request to permit witnesses to testify by telephone. During the hearing, the Wife stated that she did not have any other witnesses because the court had denied her motion requesting that they be permitted to participate by telephone. The court explained that the motion was denied because in-court appearance enables the court to assess

---

[9] *See* 13 *Del. C.* § 507(a) ("The Family Court of the State shall have exclusive original jurisdiction of all actions arising under this chapter."); *id.* §§ 502, 506 (providing that the "duty to support a spouse rests upon the other spouse" but that "[n]o person shall be required to support another while there is just cause for failing or refusing to do so").

[10] *Id.* § 507(a).

[11] *See Navarro v. Bedolla-Figueroa*, 2022 WL 17844030, at *1 (Del. Dec. 21, 2022) (affirming Superior Court's determination that ex-husband's complaint asserting claims arising from ex-wife's concealment of divorce petition and sale of marital home without sharing proceeds with ex-husband fell within the exclusive jurisdiction of the Family Court); *see also Benge v. Oak Grove Motor Court, Inc.*, 2006 WL 345006, at *1-2 (Del. Ch. Feb. 7, 2006) (discussing scope of Family Court's subject matter jurisdiction), *aff'd* 2006 WL 1725615 (Del. June 21, 2006).

witness credibility. The court had denied Wife's motion on April 6, 2023, more than a month before the May 15, 2023 hearing, and Wife therefore had sufficient notice that any witnesses she desired to call would be required to be present in court. We find no abuse of discretion.[12]

(8) Wife's contentions regarding Husband's failure to produce his bank statements also do not warrant reversal. The Family Court granted Wife's motion to compel Husband to produce his bank statements, ordering that he produce the statements to Wife by May 5, 2023. Wife has submitted with her appeal documents indicating that Husband in fact provided Wife with electronic copies of bank statements on May 4, 2023. Thus, her claim that Husband did not produce his bank statements by the deadline does not appear to be factually accurate. To the extent that Wife argues that Husband did not provide all the statements required or that he did not provide them in Wife's preferred format, Wife did not raise these issues to the Family Court in the first instance, and we therefore decline to consider them on appeal.[13]

---

[12] *Cf. Stevenson v. Simons*, 2006 WL 2048487, at *2 (Del. July 21, 2006) (determining that Family Court did not abuse its discretion when it denied request by mother, who lived in Illinois, to participate in a custody hearing by telephone, and stating that the "trial court explained that it would have to assess credibility in the custody dispute and that it would not be able to do that over the phone" and that the mother had sufficient notice that she would have to appear in court for the hearing).

[13] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

(9) The Family Court did not abuse its decision by treating the $600 per month that Husband pays to Wife toward the judgments as income for Wife and an expense for Husband. Wife does not dispute that $600 is garnished from Husband's wages and paid to Wife each month; that amount is therefore available as a resource to Wife and is an expense for Husband.[14] Wife did not present any evidence that she has a legally cognizable obligation to repay those funds to others; moreover, if she had, that obligation might constitute an additional monthly expense for Wife but the $600 still would appropriately be considered as part of her monthly income.

(10) We conclude, however, that the Family Court's conclusions or inferences regarding the Husband's financial means are not supported by the record. As to Husband's income, the Family Court stated: "Husband testified that he earns approximately $65,000 per year. Husband testified he typically earns approximately $1,800 monthly." After determining that Husband had $1,850 in monthly expenses, the court held that Husband was not able to provide spousal support to Wife and, indeed, that he was "unable to fully support himself." We are unable to draw the same conclusions from the evidence presented to the Family Court.

---

[14] *See* 13 *Del. C.* § 514 ("In determining the amount of support due to one to whom the duty of support has been found to be owing, the court, among other things, shall consider: (1) The health, relative economic condition, financial circumstance, income, including the wages, and earning capacity of the parties . . . .").

7

(11) No documentary evidence of Husband's income was presented; the only evidence of his income was his testimony that his annual gross income was approximately $65,000—which is approximately $5,417 per month—and his net pay was approximately $1,800 per month. Although the Family Court questioned Wife extensively about her income and expenses, the court did not ask Husband to explain the $3,617 difference between his monthly gross income and his take-home pay. Of course, one could infer that the judgment garnishment accounts for $600 of the difference. One might also infer that Husband's $600 monthly 401(k) loan repayment is made through a payroll deduction and therefore reduces Husband's take-home pay. But if that is so, then that payment was double-counted as reducing his net pay and as an expense. In any event, adding $1,200 to the $1,800 that Husband testified he receives as net pay leaves a $2,417 difference between his gross monthly pay and his net monthly pay, which still seems to exceed typical taxes and other payroll deductions applicable to Husband's gross income.

(12) The record does not include a Family Court Form 16(a) SS Financial Report for Spousal Support for either party. According to the Guide to Spousal Support published by the Family Court, the parties are required to submit a Form 16(a) SS to the court at least seven days before a hearing on a petition for spousal

8

support.[15] Form 16(a) SS requires each party to provide information regarding his or her income, deductions, expenses, and assets, with supporting documents such as paystubs and W-2s as evidence of wages and payroll deductions.[16] It also instructs the parties to "bring copies of your last three pay stubs and most recent tax return with all schedules and W-2 statements to every mediation conference and hearing" on spousal support.[17] Husband did not comply with any of those requirements and in our view should not benefit from an inference that he is unable to provide any spousal support given the large, unexplained gap between his gross and net pay.[18]

(13) For these reasons, we conclude that the Family Court's determinations that Husband is not financially able to support himself, and therefore is unable to provide spousal support, are not supported by the record. On remand, the Family Court may require the parties to complete and submit Form 16(a) SS, including

---

[15] *Family Court of the State of Delaware*, *Spousal Support*, *at* https://courts.delaware.gov/Forms/Download.aspx?id=122828.

[16] Del. Fam. Ct. Form 16(a) SS, Financial Report for Spousal Support, *available at* https://courts.delaware.gov/Forms/Download.aspx?id=5548.

[17] *Id.* at 1.

[18] Wife also did not submit the Form 16(a) SS or all the required supporting documents, but she did provide the court with documents regarding her social security income, the Court of Common Pleas judgments, and her car payment, while Husband provided no documentary evidence of his income or expenses. During the hearing, the court pressed Wife for documentary evidence of her expenses, *see, e.g.*, Transcript at 104:8-12 ("Where am I supposed to get how much you need, if you don't bring the current documents?"), *id.* at 106: 12-13 (asking for documentation of food and clothing expenses), but did not ask Husband to document, or even explain, the $3,617 difference between his gross and net monthly pay. *E.g.*, *id.* at 28:14-29:7; 108:9-109:6. The court also accepted Husband's testimony regarding his income without supporting documentation, while apparently declining to accept Wife's testimony regarding the cost of her car insurance, despite recognizing that she had a car by finding that her expenses included a monthly car payment.

9

supporting documentation, before convening for further proceedings. Perhaps the Family Court will again determine that Husband is unable to support Wife after receiving additional evidence of his income, or will determine that there is some other just cause or equitable reason for denying her request for support beyond what she is already receiving through Husband's payments on the Court of Common Pleas judgments.[19] To be clear, we do not mean to limit the Family Court's discretion when considering the matter on remand. But we cannot determine that the court's decision was warranted based on the reasons stated in its decision, on the record currently before the Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is REVERSED and the matter is REMANDED to the Family Court for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[19] *See* 13 *Del. C.* § 502 ("The duty to support a spouse rests upon the other spouse."); *id.* § 506 ("No person shall be required to support another while there is just cause for failing or refusing to do so."); *id.* at § 514 (identifying factors for the court to consider when determining the amount of support due, including the "general equities inherent in the situation").